LATHAM & WATKINS LLP
Michele D. Johnson (Bar No. 198298)
 *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: +1.714.540.1235

Colleen C. Smith (Bar No. 231216)
 *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
Tel: +1.858.523.5400

Eric R. Swibel (*pro hac vice*)
 *eric.swibel@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700

Whitney B. Weber (Bar No. 281160)
 *whitney.weber@lw.com*
Daniel R. Gherardi (Bar No. 317771)
 *daniel.gherardi@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

*Attorneys for Defendants e.l.f. Beauty, Inc.,
Tarang P. Amin, and Mandy J. Fields*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE e.l.f. BEAUTY, INC. SECURITIES LITIGATION | CASE NO. 5:25-cv-02316-EKL |
| | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Date: February 11, 2026<br>Time: 10:00 A.M.<br>Courtroom: Courtroom 7 – 4th Floor<br>Judge: Hon. Eumi K. Lee |

## I.    INTRODUCTION

Defendants e.l.f. Beauty, Inc. ("e.l.f."), Tarang P. Amin, and Mandy J. Fields (collectively, "Defendants") respectfully request that the Court consider the following documents attached to the Declaration of Whitney B. Weber filed herewith, in connection with Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Motion"):

**Exhibit 1:**    A true and correct copy of e.l.f.'s Annual Report on Form 10-K for fiscal year 2024 ending March 31, 2024, which was filed with the United States Securities and Exchange Commission ("SEC") on May 23, 2024, and is publicly available at www.sec.gov.

**Exhibit 2:**    A true and correct copy of an e.l.f. press release entitled "e.l.f. Beauty Announces Fourth Quarter and Full Fiscal 2023 Results," dated May 24, 2023, which is publicly available at https://investor.elfbeauty.com.

**Exhibit 3:**    A true and correct copy of the transcript from e.l.f.'s November 1, 2023 earnings call discussing financial results for the second quarter of fiscal year 2024, which is publicly available from S&P Global Market Intelligence at https://marketintelligence.spglobal.com.

**Exhibit 4:**    A true and correct copy of e.l.f.'s Quarterly Report on Form 10-Q for the second quarter of fiscal year 2024 ending September 30, 2023, which was filed with the SEC on November 2, 2023, and is publicly available at www.sec.gov.

**Exhibit 5:**    A true and correct copy of the transcript from e.l.f.'s February 6, 2024 earnings call discussing financial results for the third quarter of fiscal year 2024, which is publicly available from S&P Global Market Intelligence at https://marketintelligence.spglobal.com.

**Exhibit 6:**    A true and correct copy of an e.l.f. press release entitled, "e.l.f. Beauty Announces Third Quarter Fiscal 2024 Results," dated February 6, 2024, which is publicly available at https://investor.elfbeauty.com.

**Exhibit 7:**    A true and correct copy of e.l.f.'s Quarterly Report on Form 10-Q for the third quarter of fiscal year 2024 ending December 31, 2023, which was filed with the SEC on February 7, 2024, and is publicly available at www.sec.gov.

**Exhibit 8:**    A true and correct copy of the transcript from e.l.f.'s May 22, 2024 earnings call discussing financial results for the fourth quarter of fiscal year 2024, which is publicly available from S&P Global Market Intelligence at https://marketintelligence.spglobal.com.

**Exhibit 9:**    A true and correct copy of the transcript from e.l.f.'s August 8, 2024 earnings call discussing financial results for the first quarter of fiscal year 2025, which is publicly available from S&P Global Market Intelligence at https://marketintelligence.spglobal.com.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

DEFENDANTS' REQ. FOR JUDICIAL NOTICE
RE: MOTION TO DISMISS
CASE NO. 5:25-CV-02316-EKL

**Exhibit 10:**    A true and correct copy of an e.l.f. press release entitled, "e.l.f. Beauty Announces Second Quarter Fiscal 2025 Results," dated November 6, 2024, which is publicly available at https://investor.elfbeauty.com.

**Exhibit 11:**    A true and correct copy of the transcript from e.l.f.'s November 6, 2024 earnings call discussing financial results for the second quarter of fiscal year 2025, which is publicly available from S&P Global Market Intelligence at https://marketintelligence.spglobal.com.

**Exhibit 12:**    A true and correct copy of a Muddy Waters Research LLC report entitled, "e.l.f. Beauty, Inc.: A Revenue and Inventory Mystery," dated November 11, 2024, which is publicly available at https://muddywatersresearch.com/research/elf/mw-is-short-elf/ (the "Muddy Waters Report").

**Exhibit 13:**    A true and correct copy of an article detailing a Mad Money interview with e.l.f.'s CEO Tarang Amin, dated November 21, 2024, which is publicly available at https://www.cnbc.com/video/2024/11/21/elf-beauty-ceo-tarang-amin-goes-one-on-one-with-jim-cramer.html.

**Exhibit 14:**    A true and correct copy of certain Forms 4 related to transactions in e.l.f. stock by e.l.f.'s CEO Tarang Amin, which were filed with the SEC on February 7, 2024, April 19, 2024, June 7, 2024, and April 22, 2025, and are publicly available at www.sec.gov.

**Exhibit 15:**    A true and correct copy of certain Forms 4 related to transactions in e.l.f. stock by CFO Mandy Fields, which were filed with the SEC on February 13, 2024, April 19, 2024, June 7, 2024, and April 22, 2025, and are publicly available at www.sec.gov.

**Exhibit 16:**    A true and correct copy of the transcript from e.l.f.'s February 6, 2025 earnings call discussing financial results from the third quarter of fiscal year 2025, which is publicly available from S&P Global Market Intelligence at https://marketintelligence.spglobal.com.

**Exhibit 17:**    A true and correct copy of an e.l.f. press release entitled, "e.l.f. Beauty Announces Fourth Quarter and Full Fiscal 2025 Results," dated May 28, 2025, which is publicly available at https://investor.elfbeauty.com.

**Exhibit 18:**    A true and correct copy of e.l.f.'s historical stock price from February 7, 2024, to September 4, 2025, which was downloaded from Yahoo! Finance, and is publicly available at https://finance.yahoo.com/quote/ELF.

**Exhibit 19:**    A true and correct copy of an e.l.f. press release entitled, "e.l.f. Beauty Announces Fourth Quarter and Full Fiscal 2024 Results," dated May 22, 2024, which is publicly available at https://investor.elfbeauty.com.

**Exhibit 20:**    A true and correct copy of an e.l.f. press release entitled, "e.l.f. Beauty Announces First Quarter Fiscal 2025 Results," dated August 8, 2024, which is publicly available at https://investor.elfbeauty.com.

**Exhibit 21:**    A true and correct copy of e.l.f.'s Annual Report on Form 10-K for fiscal year 2025 ending March 31, 2025, which was filed with the SEC on May 29, 2025, and is publicly available at www.sec.gov.

**Exhibit 22:**    A true and correct copy of e.l.f.'s Quarterly Report on Form 10-Q for the first

quarter of fiscal year 2025 ending June 30, 2024, which was filed with the SEC on August 9, 2024, and is publicly available at www.sec.gov.

**Exhibit 23:**    A true and correct copy of an Oppenheimer & Co. Inc. analyst report entitled, "e.l.f. Beauty, Inc.: Quick Read: A Much Deeper Slowdown than Expected and a Disappointing Guide," dated February 6, 2025, which is available at www.bloomberg.com.

**Exhibit 24:**    A true and correct copy of a Barrons interview with e.l.f.'s CEO Tarang Amin entitled, "E.l.f.'s CEO on Affordable Makeup, Social Media, the Stock's Jump, and More," dated June 30, 2024, which is publicly available at https://www.barrons.com/articles/.

**Exhibit 25:**    A true and correct copy of e.l.f.'s Q3 Fiscal Year 2024 Earnings Webcast presentation, dated February 6, 2024, which is publicly available at https://investor.elfbeauty.com.

**Exhibit 26:**    A true and correct copy of e.l.f.'s Q4 Fiscal Year 2024 Earnings Webcast presentation, dated May 22, 2024, which is publicly available at https://investor.elfbeauty.com.

**Exhibit 27:**    A true and correct copy of e.l.f.'s Q1 Fiscal Year 2025 Earnings Webcast presentation, dated August 8, 2024, which is publicly available at https://investor.elfbeauty.com.

## II.    ARGUMENT

In ruling on a motion to dismiss, a court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). This is especially important in cases alleging securities fraud, where to "decide whether a misstatement or omission can mislead" the Court must "look at the context surrounding the statement … [including] information outside the immediate document." *Sneed v. Talphera, Inc.*, 2025 WL 2406424, at *4 (9th Cir. Aug. 20, 2025). That is because reasonable investors care "about a statement's 'surrounding text, including hedges, disclaimers, and apparently conflicting information.'" *Id.* (quoting *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 190 (2015)).

The incorporation-by-reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir.

2018). A document incorporated by reference is considered "part of the complaint" and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). This "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Dolly v. Gitlab, Inc.*, 2025 WL 2372965, at *3 (N.D. Cal. Aug. 14, 2025) (Lee, J.) (quoting *Khoja*, 899 F.3d at 1002); *see also Iron Workers Loc. 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *5 (N.D. Cal. Mar. 16, 2020) (incorporation by reference "prevent[s] plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims"). A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002.

Additionally, courts may take judicial notice of matters that are "not subject to reasonable dispute" because they are either (a) "generally known within the trial court's territorial jurisdiction," or (b) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts adjudicating motions to dismiss in securities fraud class actions regularly take judicial notice of relevant public disclosure documents filed with the SEC, as well as earnings and investor call transcripts, press releases, investor presentations, and analyst reports, as they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *Shnayder v. Allbirds, Inc.*, 2025 WL 1745596, at *5 (N.D. Cal. June 23, 2025) (judicially noticing SEC filings, earnings call transcripts and press releases); *see also Gitlab*, 2025 WL 2372965, at *3-4 (judicially noticing SEC filings, earnings and investor call transcripts, press releases, and analyst reports); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 980 (N.D. Cal. 2010) (judicially noticing transcripts of analyst calls, PowerPoint presentations to analysts, and analyst reports).

Each Exhibit is incorporated by reference into Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws (Dkt. 55, "Complaint"), subject to judicial notice, or both. The Court should thus consider the Exhibits in adjudicating Defendants' Motion.

### A.    All Exhibits Are Incorporated by Reference

All Exhibits are incorporated by reference into the Complaint.  They are referenced "extensively" throughout the Complaint, and they "form[] the basis" of Plaintiffs' claims.  *See Khoja*, 899 F.3d at 1002.

***SEC Filings.***    Exhibits 1, 4, 7, 21, and 22 are e.l.f.'s annual and quarterly financial statements on Forms 10-K and Forms 10-Q that Plaintiffs cite throughout the Complaint, and which discuss e.l.f.'s financial results and performance—issues central to Plaintiffs' allegations. *See, e.g.*, ¶¶9, 39-40, 44, 51, 54, 82, 160, 274, 275, 296 (discussing "the Company's 2022, 2023, 2024, and 2025 [Form] 10-Ks"); *see also id*. at 1 ("Plaintiffs' claims are brought upon … a review and analysis of … reports and documents filed by ELF with the Securities and Exchange Commission").[1]    Because these documents form the basis of Plaintiffs' allegations, they are incorporated by reference into the Complaint, and the Court may consider them in their entirety in connection with Defendants' Motion.  *See In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *9 (N.D. Cal. Mar. 31, 2023), *aff'd*, 2024 WL 1693340 (9th Cir. Apr. 19, 2024) (incorporating by reference documents that formed the basis of plaintiff's claims); *Petersen v. TriplePoint Venture Growth BDC Corp.*, 2024 WL 5384678, at *2 (N.D. Cal. Aug. 7, 2024) (incorporating by reference SEC filings and other financial documents because Plaintiff "relies upon the exhibits, quotes them, or refers to them in the Amended Complaint"); *Boston Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *2-3 (N.D. Cal. Aug. 7, 2020) (similar).

***Earnings Call Transcripts.***    Exhibits 3, 5, 8, 9, 11, and 16 are transcripts of e.l.f.'s quarterly earnings calls discussing its financial results, which Plaintiffs cite throughout the Complaint and contain many of the statements Plaintiffs challenge.  *See, e.g.*, ¶¶13, 22, 70 n.5, 88, 115, 128, 131, 139, 164, 172-73, 187, 191-92, 200, 203-05.  Because these documents are central to Plaintiffs' claims, including being the source of challenged statements and purported corrective disclosures, the Court may consider them incorporated by reference.  *See Sanders v. RealReal, Inc.*, 2021 WL 1222625, at *4-5 (N.D. Cal. Mar. 31, 2021) (incorporating by reference transcripts

---

[1] All "¶_" references are to Plaintiffs' Complaint.

of public statements that plaintiff relied on to support their claims); *Wong v. Arlo Techs., Inc.*, 2019 WL 7834762, at *4 (N.D. Cal. Dec. 19, 2019) (incorporating by reference earnings call transcript).

***Press Releases and Presentations.*** Exhibits 2, 6, 10, 17, 19, and 20 are e.l.f.'s press releases and Exhibits 25-27 are e.l.f.'s presentations announcing financial results, which Plaintiffs rely on throughout the Complaint, including as sources of certain statements Plaintiffs challenge and sources of the purported "revelation" of the alleged fraud. *See, e.g.*, ¶¶26, 55, 88, 124, 137, 164-165, 172, 174, 184, 188, 198-99, 223, 276, 296. Documents containing statements Plaintiffs challenge as false or misleading and sources of purported corrective disclosures are incorporated by reference into the Complaint even where Plaintiffs do not attach them to the Complaint. *See Aramic LLC v. Revance Therapeutics, Inc.*, 2024 WL 1354503, at *3 (N.D. Cal. Apr. 2, 2024); *Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (source that "revealed the truth" incorporated by reference). And although Plaintiffs' Complaint does not expressly refer to Exhibit 17, Plaintiffs allege that e.l.f.'s fiscal year 2025 guidance provided to investors on November 6, 2024 was false, ¶¶199-201, so e.l.f.'s actual performance detailing whether that guidance was, in fact, false is thus integral to Plaintiffs' claims. *See Bhangal v. Hawaiian Elec. Indus., Inc.*, 2024 WL 4505465, at *6 (N.D. Cal. Oct. 15, 2024) (documents incorporated by reference that are "integral to the complaint").

***Short Seller Report.*** Exhibit 12 is a short seller report upon which Plaintiffs rely in connection with their allegations that e.l.f. made false and misleading statements about its inventory and consumer demand. *See, e.g.*, ¶¶147-49. The Muddy Waters Report is therefore incorporated by reference into the Complaint. *See Petersen*, 2024 WL 5384678, at *2 (N.D. Cal. Aug. 7, 2024) (incorporating a short seller report by reference in securities fraud action).

***Articles Detailing Public Interviews.*** Exhibits 13 and 24 are articles summarizing Defendant Amin Tarang's interviews with news outlets, which Plaintiffs cite in the Complaint and allege contain a false or misleading statement. *See, e.g.*, ¶¶150, 180, 217. The Court may, therefore, consider the interviews in their entirety as they are incorporated by reference in the Complaint. *See Khoja*, 899 F.3d at 1002; *Aramic*, 2024 WL 1354503, at *3.

***Forms 4.***  Exhibits 14 and 15—Forms 4 that e.l.f. filed with the SEC detailing certain stock transactions by Amin and Fields—are also incorporated by reference in the Complaint. Plaintiffs point to purported stock holdings and sales by Amin and Fields in connection with their allegations that each Defendant acted with scienter.  *See, e.g.*, ¶¶18-19, 268-72.  Indeed, Plaintiffs "clearly gleaned" information regarding Amin's and Fields' trades and trading history from e.l.f.'s publicly filed Forms 4 in order to make these allegations in the Complaint, and they are therefore incorporated by reference.  *Khoja*, 899 F.3d at 1002-03; *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (consideration of Forms 4 is appropriate, even where not explicitly referenced in the complaint); *Strezsak v. Ardelyx, Inc.*, 2024 WL 1160900, at *3 (N.D. Cal. Mar. 18, 2024) (Forms 4 incorporated by reference as they "either form the basis of the plaintiff's claim or are referred to extensively in the SAC").

***Stock Price.***  Exhibit 18 is a chart reflecting e.l.f.'s historical stock price.  Plaintiffs' theory of securities fraud is that Defendants' allegedly false and/or misleading statements impacted e.l.f.'s stock price, as demonstrated by the stock price declines following purported corrective disclosures.  *See, e.g.*, ¶¶4-5, 20, 28, 36-38, 56-59, 117, 126, 157, 161, 185, 224, 226-28, 232, 235, 241, 295-96.  Plaintiffs, therefore, incorporate e.l.f.'s stock price into their Complaint as central to their claims.  *See Petersen*, 2024 WL 5384678, at *2 (incorporating by reference a company's historical stock price chart).

***Analyst Report.***  Exhibit 23 is an analyst report discussing e.l.f.'s earnings results.  It is incorporated by reference because Plaintiffs rely on it to show how the market reacted to e.l.f.'s earnings results.  *See* ¶¶158, 242; *see also Gitlab*, 2025 WL 2372965, at *4 (considering referenced analyst reports).

**B.    All Exhibits Are Subject to Judicial Notice**

The Court can also consider all of the Exhibits in connection with adjudicating Defendants' Motion pursuant to Federal Rule of Evidence 201(b)(2).

***SEC Filings.***  SEC filings like Exhibits 1, 4, 7, 14-15, 21, and 22 are routinely the subject of judicial notice in connection with motions to dismiss securities class actions.  *See, e.g.*, *Strezsak*, 2024 WL 1160900, at *4 (taking judicial notice of Forms 10-K and 10-Q because such

"documents are not subject to reasonable dispute, and the 'accuracy' of these publicly filed SEC documents 'cannot reasonably be questioned'"); *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at \*2 (N.D. Cal. Mar. 25, 2019) (taking judicial notice of SEC filings); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (listing "SEC filings" as an example of "matter[s] subject to judicial notice"); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n.1 (N.D. Cal. 2020) (taking judicial notice of SEC Forms 4 "even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan"). Because these materials are required by law to be filed with the SEC and are publicly available through the SEC's website, there can be no serious question as to their authenticity or that each is capable of accurate and ready determination—including what information was available to investors. *See Sneed*, 2025 WL 2406424, at \*4.

**Earnings Call Transcripts.** Transcripts from e.l.f.'s earnings calls (Exhibits 3, 5, 8, 9, 11, 13, and 16) are also judicially noticeable. Courts frequently take "judicial notice of transcripts of calls with and presentations to investors in securities cases," *Strezsak*, 2024 WL 1160900, at \*4, including "for the purposes of demonstrating what was disclosed to investors." *Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at \*10 (N.D. Cal. Apr. 27, 2017); *see also In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (taking notice of defendants' "transcripts of calls with, or presentations to, analysts and investors"); *City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018) (same). These transcripts are not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**Press Releases and Presentations.** e.l.f.'s press releases (Exhibits 2, 6, 10, 17, 19, and 20) and presentations (Exhibits 25-27), which are publicly available on e.l.f.'s website and not subject to reasonable dispute, are also judicially noticeable. Similar to SEC filings, press releases and presentations help establish what information a company "disclosed to the market," *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at \*5 (N.D. Cal. Aug. 14, 2019), and the "total mix" of information available to investors. *Sneed*, 2025 WL 2406424, at \*4; *see also Sgarlata v. PayPal*

*Holdings, Inc.*, 2018 WL 6592771, at *5-6 (N.D. Cal. Dec. 13, 2018) (taking judicial notice of defendant's press releases).

**Other Publicly Available Sources.**    The Muddy Waters Report (Exhibit 12), news interviews (Exhibits 13 and 24), e.l.f.'s historical stock price (Exhibit 18), and the analyst report (Exhibit 23) are also properly subject to judicial notice because they are available on "publicly accessible websites whose accuracy and authenticity are not subject to dispute." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008-10 (N.D. Cal. 2020), *rev'd on other grounds*, 87 F.4th 934 (9th Cir. 2023); *see also Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) (taking judicial notice "because the existence of the publicly-available articles and tweets cannot reasonably be questioned").  Courts regularly take judicial notice of the types of documents in securities litigation, including analyst reports (*Gitlab*, 2025 WL 2372965, at *4; *Plumbers & Pipefitters Loc. Union #295 Pension Fund v. CareDx, Inc.*, 2023 WL 4418886, at *2-3 (N.D. Cal. May 24, 2023)), interview transcripts (*Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017)), short seller reports (*Hurst v. Enphase Energy, Inc.*, 2021 WL 3633837, at *2-3 (N.D. Cal. Aug. 17, 2021); *Mulquin v. Nektar Therapeutics, Inc.*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020)), and stock prices (*Hollingsworth v. Nextdoor Holdings, Inc.*, 2025 WL 1433820, at *6 (N.D. Cal. May 19, 2025)).  While Defendants dispute the accuracy of the accusations in the Muddy Waters Report (and are not seeking judicial notice of these documents for the truth of the matters asserted), the Court may take judicial notice of the Muddy Waters Report for the fact that the accusations were made and the market was aware of them.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1 through 27 in assessing Defendants' Motion.

Dated: September 5, 2025

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: /s/ *Whitney B. Weber*
 Michele D. Johnson (Bar No. 198298)
  *michele.johnson@lw.com*
 650 Town Center Drive, 20th Floor
 Costa Mesa, California 92626
 Telephone: +1.714.540.1235

 Colleen C. Smith (Bar No. 231216)
  *colleen.smith@lw.com*
 12670 High Bluff Drive
 San Diego, CA 92130
 Tel: +1.858.523.5400

 Eric R. Swibel (*pro hac vice*)
  *eric.swibel@lw.com*
 330 North Wabash Avenue, Suite 2800
 Chicago, IL 60611
 Tel: (312) 876-7700

 Whitney B. Weber (Bar No. 281160)
  *whitney.weber@lw.com*
 Daniel R. Gherardi (Bar No. 317771)
  *daniel.gherardi@lw.com*
 505 Montgomery Street, Suite 2000
 San Francisco, California 94111
 Telephone: +1.415.391.0600

 *Attorneys for Defendants e.l.f. Beauty, Inc.,
 Tarang P. Amin, and Mandy J. Fields*